UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROLLER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>Defendant. | Case No.: 22-CV-00696-RSH-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

On May 17, 2022, Plaintiff filed his Complaint against defendant County of San Diego (the "County") pursuant to 42 U.S.C. § 1983, alleging a violation of his due process rights under the Fourteenth Amendment. ECF No. 1. Plaintiff is proceeding *pro se*. He alleges that the County, in issuing an administrative ruling following a Child Abuse Central Index grievance hearing, took approximately six months longer than the California regulations allow. The County has moved to dismiss for failure to state a claim (the "Motion"). As explained below, the Motion is granted.

**I.   Background**

The Complaint alleges as follows. On May 20, 2020, the County notified Plaintiff

1    that he was being listed on the Child Abuse Central Index ("CACI"). ECF No. 1 at 5. At
2    that time, the County notified Plaintiff of the grievance procedures for challenging the
3    listing. *Id.* That notification told Plaintiff that "a recommended decision by the CACI
4    grievance officer would be made 30 calendar days following the CACI grievance hearing
5    and a final decision would be issued 10 business days after that." *Id.*

6    Plaintiff challenged the decision, and on April 15, 2021, the County held a CACI
7    grievance hearing. *Id.* However, he did not receive a timely final decision. On November
8    24, 2021, he filed a petition for writ of mandate in San Diego Superior Court. *Id.* Finally,
9    on December 3, 2021, the County issued its grievance decision. *Id.*[1]

10   Plaintiff alleges that, "as a result of defendant delaying the CACI grievance hearing
11   decision," he suffered numerous adverse consequences, including emotional distress,
12   trouble sleeping and concentrating, and humiliation. *Id.* He also states that "an adverse
13   temporary custody order was issued in San Diego Superior Court based on the initial
14   erroneous finding by the County of San Diego, and I was unable to mo[ve] the court to
15   modify the temporary custody order while I was awaiting the CACI grievance hearing
16   decision." *Id.* He adds that while the temporary custody order was in place he lost visitation
17   time with his daughter, further contributing to his anguish and emotional distress. *Id.*

18   The Complaint seeks compensatory damages on a per diem basis, "for each day that
19   my listing on the CACI was extended past the regulatory requirement of 45 days following
20   the CACI grievance hearing (May 30, 2021 until December 3, 2021), a total of 187 days;
21   as well as his costs and fees in filing his petition for writ of mandate in San Diego Superior
22   Court." *Id.*

23   The County's Motion argues that Plaintiff fails to state a cognizable claim for
24   municipal liability under Section 1983, because Plaintiff has failed to identify any due
25   process violation. ECF No. 10-1 at 4. The Motion has been fully briefed. ECF Nos. 13

---

[1]    The Complaint does not indicate what the decision was.

(Plaintiff's Opposition), 14 (Defendant's Reply). The Court finds the Motion suitable for decision without oral argument, pursuant to CivLR 7.1(d).

## II.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). To state a Section 1983 claim against a municipality, the plaintiff must allege that (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's right; and (4) the policy was the moving force behind the constitutional violation. *J. K. J. v. City of San Diego*, 42 F.4th 990, 998 (9th Cir. 2021).

## III.    Analysis

Here, Plaintiff alleges that the County deprived him of his due process rights by delaying its decision on his CACI grievance hearing beyond what California regulations allow. These regulations provide timeframes in which grievance procedures are to be performed. *See* Cal. Dept. of Soc. Servs. Manual of Policies and Procedures (the "DSS Manual") §§ 31-021.82 ("The grievance review officer shall render a written recommended decision within thirty (30) calendar days of the completion of the grievance hearing."); 31-

021.83 ("The county director shall issue a final written decision adopting, rejecting, or modifying the recommended decision within ten (10) business days after the recommended decision is rendered.").

A violation of state regulations, however, does not establish a federal constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) ("state departmental regulations do not establish a federal constitutional violation"). Plaintiff's Complaint does not challenge the outcome of his CACI grievance proceedings as an unlawful deprivation of liberty; nor does he claim that the County denied him some procedure to which he was entitled, as in *Matthews v. Eldridge*, 424 U.S. 319 (1976), which Plaintiff cites in his Opposition. Instead, Plaintiff's allegations are based on the time the County took to reach the outcome it did, which is a matter of state law—as reflected by the lawsuit Plaintiff previously filed in Superior Court. This is not a cognizable claim under Section 1983. *Cornejo v. County of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983."). Plaintiff also fails to allege any of the other elements of municipal liability.

A court should not dismiss a *pro se* complaint without leave to amend unless it is clear any deficiencies could not be cured. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). The County does not address in its Motion whether it is seeking dismissal with or without leave to amend, nor does it take a position on whether the deficiencies in the Complaint could be cured. Accordingly, Plaintiff should have the opportunity to attempt to state a cognizable claim.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the Complaint without prejudice. Plaintiff may file an amended complaint

//
//
//
//

1  within thirty (30) days of the date of this Order. If Plaintiff does not file an amended
2  complaint in that time, the action will be dismissed.
3      **IT IS SO ORDERED**.
4
5  Dated: November 9, 2022

_____
Hon. Robert S. Huie
United States District Judge